

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# Johnson v. Thomas Jefferson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Johnson v. Thomas Jefferson" (2004). *2004 Decisions.* Paper 182.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4485

SEAN JOHNSON,

Appellant

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL;
NATIONAL UNION OF HOSPITAL AND HEALTHCARE
EMPLOYEES DISTRICT 1199C

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 02-07303)
Honorable John R. Padova, District Judge

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE:  SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

(Filed: October 29, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Sean Johnson appeals from an order for summary judgment entered on October 2,

2003, and from an order denying his motion for reconsideration entered on October 20,

2003, in this hybrid action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against his employer, Thomas Jefferson University Hospital, and for breach of the duty of fair representation against his labor union, National Union of Hospital and Health Care Employees District 1199C. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164-65, 103 S.Ct. 2281, 2290-91 (1983). The district court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review on this appeal. See Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004), petition for cert. filed (July 19, 2004) (No. 04-112).

The district court set forth the factual background of this case in its memorandum opinion of October 1, 2003, and set forth the legal principles applicable in that opinion and in its order of October 20, 2003, denying reconsideration, and we have nothing to add to those opinions. Unfortunately, the record makes quite plain that Johnson simply could not conduct himself in carrying out the duties of his employment in a way so as to justify the hospital in retaining him on its staff. Thus, the hospital really had no choice but to terminate his employment, as it eventually did, and it did not violate any duty to him in doing so.

After our study of this matter we are satisfied that both appellees get right to the heart of the matter in their respective briefs:

> Johnson failed to support any of his claims with evidence that District 1199C was motivated by anything other than legitimate considerations of the strength of Johnson's claims against Thomas Jefferson. Indeed, the evidence reveals that the conduct of District 1199C

2

was appropriate and reasonable under the circumstances. Both the Union and Thomas Jefferson tried to save Johnson from his own self-destructive conduct, but Johnson refused to let them do so.

Br. of appellee hospital at 18;

> Mr. Johnson's [duty of fair representation] claim, therefore, must be shown to be supported [by] evidence demonstrating that the Union's treatment of him was 'arbitrary' such that 'the Union's behavior [was] so far outside "a wide range of reasonableness" as to be irrational.' [Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130 (1991)]. The record demonstrates no such behavior by the Union towards Mr. Johnson. To the contrary, the record evidence shows that the Union's agents worked diligently to save Mr. Johnson from his own patently self-destructive behavior, but that they were thwarted at every step by Mr. Johnson himself.

Br. of appellee union at 16-17.

The orders of October 2, 2003, and October 20, 2003, will be affirmed.